UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
RICHARD LAUGEL,                                  :
                                                 :
                 Petitioner,       :
                                                 :    **ORDER ON PETITION**
    -against-                                  :    **FOR WRIT OF HABEAS**
                                                 :    **CORPUS**
J. NASH,                                         :
                                                 :    3:23-CV-00709 (VDO)
                 Respondent.       :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

      Petitioner Richard Laugel filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking credit for time served in state custody on state criminal charges prior to his federal sentence. *See* Petition ("Pet."), ECF No. 1. Specifically, Petitioner claims that his time served in state custody for an offense that led to his federal conviction was never credited against any other sentence as provided for under 18 U.S.C. § 3585. *Id.* at 4-6.

      In a response to the Court's order to show cause, Respondent—the Acting Warden of the federal prison where Petitioner is housed—argues that this petition should be denied because Petitioner's time spent in New York state custody was credited for his current sentence and 18 U.S.C. § 3585(b) prohibits double counting for time spent in official detention. Response, ECF No. 8. Petitioner has filed his reply. Reply, ECF No. 9.

      For the following reasons, the Court DENIES Petitioner's petition for a writ of habeas corpus.

**I.   BACKGROUND**

      After his arrest in March 2016 on New York state charges, Petitioner remained in state custody until released on bond on February 6, 2018. Resp't Ex. 1, Gandy Decl. ¶ 5, ECF No.

8-1.[1] After Petitioner's state charges were dismissed, he was later arrested on May 23, 2018 on federal charges. Pet. at 1; Resp't Ex. 1, Gandy Decl. ¶ 6.

Petitioner was charged with the following five counts: (1) destruction of property by means of fire or explosive; (2) use of a destructive device during and in furtherance of a crime of violence; (3) unlawful possession of firearms and silencers; (4) possession with intent to distribute narcotics; and (5) possession of defaced firearm. *See United States v. Laugel*, 18-cr-443 (PAE), ECF No. 6 (S.D.N.Y.). Petitioner entered his guilty plea on March 20, 2019, and was sentenced by the United States District Court for the Southern District of New York to a 121-month effective term of imprisonment on counts 1, 3, and 4. See Resp't Ex. 1 at 9-10; *United States v. Laugel*, 18-cr-443 (PAE), ECF No. 25 (S.D.N.Y.). The judgment specified that Petitioner's time of twenty-three months spent in New York state prison had been accounted for in the district court's sentence formulation, stating:

> The defendant should be credited for all the time served in federal custody. However, the defendant should not be credited for any time served in New York State custody. The court took that time served (23 months in New York prison) into account in formulating the 121-month sentence.

*United States v. Laugel*, 18-cr-443 (PAE), ECF No. 25 (S.D.N.Y.).

After the district court's sentencing, Petitioner's sentence was computed and audited. Resp't Ex. 1, Gandy Decl. ¶ 7. After applying Petitioner's jail credit from May 23, 2018 to March 19, 2019 and his good-time credits, the Bureau of Prisons ("BOP") determined Petitioner's projected release date to be December 26, 2026. *See* Resp't Ex. 1 at 19.

---

[1] Petitioner's state criminal charges included, *inter alia*, arson, attempted murder, criminal possession of a weapon, and reckless endangerment. *Id.*

## II. LEGAL STANDARD

A federal prisoner may petition for habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Thus, § 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006); *Dailey v. Pullen*, No. 3:22-cv-1121 (SRU), 2023 WL 3456696, at *2 (D. Conn. May 15, 2023) (considering a challenge to First Step Act time credit calculation on a § 2241 petition).

## III. DISCUSSION

Under 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." The Bureau of Prisons has the exclusive authority to calculate federal sentences. *See United States v. Wilson*, 503 U.S. 329, 329 (1992) (BOP computes the amount of § 3585(b) credit, not the district court); *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997) ("After a defendant is sentenced, it falls to BOP, not the district judge, to determine . . . whether the defendant should receive credit for time spent in custody before the sentence 'commenced' . . . .") (citing 18 U.S.C. § 3585(b)); 28 C.F.R. § 0.96 (2002) ("The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred

or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons (including insane prisoners and juvenile delinquents) charged with or convicted of offenses against the United States[.]").[2]

The parties agree that the BOP, rather than the sentencing court, has the statutory authority to administer § 3585(b) and to apply credit for prior custody. *See* Pet. at 5; Response at 4. Here, the BOP determined—based on the record—that Petitioner's time served in state custody had been credited against his sentence. Resp't Ex. 1, Gandy Decl. ¶¶ 7-8. The interpretation of a statute by the agency charged with administering it is entitled to some deference, so long as its interpretation is not clearly erroneous or contrary to law or the constitution. *See Reno v. Koray*, 515 U.S. 50, 60 (1995). As the agency charged with administering determinations under § 3585, the Court affords "some deference" to the BOP's reasonable interpretation that crediting Petitioner's twenty-three months state custody to his federal sentence would violate § 3585(b) as double counting his state custody time served. Accordingly, Petitioner's petition for a writ of habeas corpus must be denied.

## IV.   CONCLUSION

For the foregoing reasons, the petition for habeas corpus relief [ECF No. 1] under 28 U.S.C. § 2241 is **DENIED**. The Clerk is instructed to close this case. Any appeal from this order will not be taken in good faith.

---

[2] By enacting 18 U.S.C. § 3585, Congress vested the Attorney General with the authority to make sentencing credit determinations. *Wilson,* 503 U.S. at 333. The Attorney General delegated this authority to the Bureau of Prisons under 28 C.F.R. § 0.96. *Dutton v. U.S. Att'y Gen.*, 713 F. Supp. 2d 194, 199 (W.D.N.Y. 2010) (internal citation omitted).

**SO ORDERED.**

Hartford, Connecticut
November 27, 2023

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge